**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| | x | |
| BENEDICTA GUTIERREZ, | x | |
| | x | Hon. Stanley R. Chesler, U.S.D.J. |
| | x | |
| Plaintiff, | x | Civ. No. 09-4560 (SRC) |
| | x | |
| v. | x | |
| | x | **OPINION** |
| MCDONALD'S CORP., | x | |
| | x | |
| | x | |
| Defendant. | x | |
| | x | |

Chesler, U.S.D.J.,

This matter comes before the Court on the application of pro se Plaintiff Benedicta Gutierrez ("Plaintiff" or "Gutierrez") to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for in forma pauperis status pursuant to 28 U.S.C. § 1915. However, having thoroughly reviewed Plaintiff's allegations, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), based on the claims' lack of merit. Accordingly, the application to proceed in forma pauperis is granted and the clerk is directed to tile the complaint, and Plaintiff's complaint is dismissed, with leave to replead.

I. Background

Plaintiff Benedicta Gutierrez was employed at a McDonald's restaurant until early 2009.

In her self-prepared complaint, Gutierrez alleges that she was terminated because of her sex, in violation of Title VII of the Civil Rights Act of 1974 ("Title VII"), which prohibits discrimination by employers based on (inter alia) an employee's race, gender, national origin, or alienage. *See* 42 U.S.C. §§ 2000e-2000e-17. Plaintiff posits that the discriminatory acts occurred on, or around, January 4, 2009.

II. Discussion

    A. Dismissal of In Forma Pauperis Complaints

    Ms. Gutierrez is a pro se plaintiff, and as such the Court will construe her pleadings liberally, as is required. Haines v. Lerner, 404 U.S. 51, 520 (1972). Even applying this generous standard, the Court finds that Plaintiff's complaint fails to state a cause of action and therefore must be dismissed. Proceedings in forma pauperis are governed by 28 U.S.C. §1915. In order to prevent abusive or captious litigation, § 1915 requires that the Court dismiss a case if it determines that the action can or should not proceed on the merits. Prior to 1996, § 1915(d) authorized the court to "dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As amended, the statute now provides that:

> (e)(2) Notwithstanding any filing fee, or any portions thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal–
>     (I) is frivolous or malicious
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

    Historically, some courts (including the Third Circuit), have been reluctant to make

threshold determinations regarding pro se complaints.  The post -1996 formulation, which requires courts to dismiss whenever the statutory grounds for dismissal are present, strips the court of its discretion to refuse to act sua sponte and encourages early disposition of meritless lawsuits. Therefore, if an in forma pauperis action fails to state a claim on which relief may be granted, the court must dismiss the action.

The legal standard for this type of dismissal is well established.  In adding this ground for dismissal to the in forma pauperis statute, Congress chose to use almost the same words ("failure to state a claim on which relief may be granted") that are used in Rule 12(b)(6).  *Compare* 28 U.S.C. § 1915(e)(2)(B)(ii) *with* Fed.R.Civ.P. 12 (b)(6) (statute substitutes word "on" for "upon," found in rule); *see also* 2 Moore's Federal Practice § 12.34[7][c][I].  That standard provides that, in deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984).  Furthermore, when evaluating the sufficiency of claims, the Court must apply the plausibility standard articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  In Twombly and Iqbal, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  See

Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

     B. Title VII

     Plaintiff alleges that she was terminated, because of her sex, in violation of  Title VII of the Civil Rights Act of 1974 ("Title VII").   Employees claiming to be aggrieved by employer conduct in violation of Title VII must file a charge with the Equal Employment Opportunity Commission ("EEOC"), which notifies the respondent employer and conducts an investigation.   If the EEOC concludes, after the investigation, that no violation has been established,  it may issue a notice of right to sue.  *See* 29 C.F.R. § 1601.28.

     Hence, the prerequisites to a suit under Title VII are the filing of charges with the EEOC[1] *and* the receipt of the Commission's statutory notice of the right to sue.  *See* McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  These preliminary steps are essential parts of the statutory plan, designed to correct discrimination through administrative conciliation and persuasion if possible, rather than by formal court action.  Ostapowicz v. Johnson Bronze Co., 541 F.2d 394 (3d Cir. 1976).  While preliminary requirements for a Title VII action are to be interpreted in a  nontechnical fashion, the aggrieved person is not permitted to bypass the administrative process. Id.  Conciliation remains the preferred method of settling disputes.  Equal Employment Opportunity Comm'n v. E.I. duPont de Nemours & Co., 516 F.2d 1297 (3d Cir. 1975).

     In order to comply with the spirit of the act, there must be some limitation on suits in the district court so that the Commission will have the first opportunity to examine allegations of

---

[1] Charges may also be presented in the first instance to local or state fair employment practice ("FEP") agencies or authorities, which are designated by the EEOC and operate pursuant to work- sharing arrangements.  *See* 16 C.F.R. § 1601.70.   Gutierrez presented her charge to the New Jersey Division of Civil Rights, which is a designated FEP agency, on February 12, 2009.

discrimination.[2]  Courts have generally determined that the parameters of the civil action in district court are defined by the scope of the EEOC investigation which can reasonably be said to grow out of the charges of discrimination.  Ostapowicz, 541 F.2d at 398-99.

It is well settled that suits in the district court are limited to matters of which the EEOC has had notice and a chance, if appropriate, to settle.  See Anjelino v. New York Times Co., 200 F.3d 73, 93 (3d Cir. 1999).  Here, Ms. Gutierrez has neglected to attach the requisite right to sue letter. Her complaint, moreover, does not even assert that such a letter was issued.  Consequently, Ms. Gutierrez did not fulfill the statutory prerequisites to filing a Title VII claim, and her complaint must be dismissed for failure to state a claim upon which relief may be granted.  The Court will grant leave to file an amended complaint to cure the deficiencies.  An appropriate form of Order will be filed.


  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge


DATED: September 21, 2009

_____
[2]  Though the EEOC must be given the opportunity, it is not necessary that it actually investigate and conciliate a charge before a right to sue letter is issued.  Fekete v. U.S. Steel Corp., 424 F.2d 331 (3d Cir. 1970).